## GASSETT & a. v. GODFREY.

In an action on a note, given in Massachusetts, to citizens of that State, it is no defence that the consideration was liquors, sold and delivered there to the defendants by the plaintiffs, they knowing that the defendant intended to sell them in New Hampshire, but not knowing that he intended to do so without a license or against law.

The burden is upon the party setting up such defence to prove all the facts necessary to it; and the plaintiffs' admission that they knew the defendant's intention to sell the liquors in New Hampshire, does not shift upon them the burden of showing that he had a license to do so.

ASSUMPSIT, upon a note dated and made at Boston, September 24, 1849, for $336,55, payable to the plaintiffs, or order, in six months, and signed by the defendant.

The defence set up was that the note was given for money due for spirituous liquors, which were sold by the defendant, in violation of the laws of this State, and that the plaintiffs knew that they were thus to be sold.

The plaintiffs admitted that they were merchants in Boston, in the State of Massachusetts, and that the defendant was a trader in Epping, in New Hampshire, and that they sold the goods to him in Boston, knowing that he intended to sell them at Epping.

The defendant, in support of his defence, introduced the writings which follow, and no other evidence.

1. A bill of sale from S. Gassett & Co. to Godfrey and Libbey, under date of Boston, January, 1849, upon which was written the following:

" We have sent your goods to Exeter Depot. We have delayed in sending them on account of making alterations in our store; but will send future orders promptly.

Your obt. servant,<br>L. GASSETT & CO."

2. A bill of sale between the same parties, under date of Boston, May 5th, 1849, upon which was written the following:

" Messrs Godfrey & Libbey, Dear Sirs : We can send you Sicily Maderia wine from 60c. to $1,25c. per gallon. I shall be at your place the first of next week or first of week after. Should you want any wine previous to that time please send your orders and price. Wines vary according to quality and prices.

Yours respectfully,<br>L. GASSETT & CO."

3. A bill of goods between the same parties, dated Boston, May 23d, 1849, upon which was written the following :

" Dear Sirs : Above please find bill of goods, sent to depot this day.

Yours respectfully,<br>L. GASSETT & CO."

4. A bill of goods, dated Boston, June 12th, 1849, upon which was written the following :

" Boston, June 28th, 1849.

Messrs. Godfrey & Libbey, Dear Sirs : Above please find bill of goods sent to depot, June 12th, as I was absent at the time, through a mistake, the bill was overlooked until to-day I observed it had not been sent. You will pardon this negligence and oblige,

Yours, &c.<br>L. GASSETT & CO."

5. A bill of goods, dated Boston, August 27th, 1849, upon which was written the following :

" Boston, August 27th, 1849.

Messrs. Godfrey & Libbey, Gents : Above please find bill of goods sent to you this day at Exeter Depot.

Very respectfully,<br>L. GASSETT."

The defendant contended that in the absence of any evidence that he was licensed to sell liquors, it should be presumed that he was not.

The plaintiffs' counsel objected that the facts alleged by the defendant were not proved by him, and were, moreover, no defence to the action.

The court ruled that the presumption on which the defendant relied did not arise in the case, and upon the whole evidence, directed a verdict for the plaintiffs, to which the defendant excepted.

*Wells & Bacon*, for the plaintiff.

1.  Nothing was shown by the case that the transaction was in violation of the laws of New Hampshire.

2.  There was no knowledge on the part of the plaintiffs of the defendant's want of authority to sell in New Hampshire. Nor do the notes on the bills forwarded indicate any such knowledge; all those notes prove is, that the goods were forwarded to the depot, in Exeter, by order of the defendants.

3.  A sale of liquor in Massachusetts is no violation of the laws of New Hampshire.

4.  But if otherwise, the defendants should have shown affirmatively that they sold the goods in violation of the laws of New Hampshire, and that the plaintiffs knew that they were intending so to do.

*M'Murphy*, for the defendants.

The goods were sold in Massachusetts, to be delivered in New Hampshire; and it is held that the sale of merchandize in one country, where the sale is not prohibited, to be delivered in a country where such merchandize is prohibited, such sale being repugnant to the law and interests of the country where the delivery is made, is invalid, and the buyer will not be held liable for the price. *Greenwood* v. *Curtis*, 6 Mass. Rep. 378; Story on Con. Laws 378; *French* v.

*Hall,* 9 N. H. Rep. 137; *Sessions* v. *Little,* 9 N. H. Rep. 271.

WOODS, J. The note in this case was made in Massachusetts, and payable to citizens of that State, and if valid by its laws, would ordinarily be a legitimate ground of action in the courts of law in this State. By the rules of the common law, a contract made in a foreign State, and to be there executed, if valid by the laws of that State, may be enforced in the tribunals of this. *Greenwood* v. *Curtis,* 6 Mass. Rep. 358; *Blanchard* v. *Russell,* 13 Mass. Rep. 44; *McIntyre* v. *Parks & a.* 3 Met. 207.

The defence set up in this case is, that the note was given for money due for spirituous liquors, which were alleged to have been sold by the defendant, in violation of the laws of this State, and that the plaintiffs knew at the time of selling them to the defendant, that the liquors were thus to be sold.

The plaintiffs were merchants in Boston at the time of the sale of the goods and the date of the note, and the defendant was a trader at Epping, in this State, and intended to sell the liquors there. The writings introduced by the defendant, which were letters or parts of letters, sent by the plaintiffs to the defendant, tend to show that the goods were sent by the plaintiffs over the railroad to the depot in Exeter, in this State. But this was done in pursuance of the orders of the defendant, and the delivery of the goods may well be regarded as complete, when they were placed in the charge of the Boston and Maine Railroad, at the depot in Boston. The sale was at Boston; and it is not shown to have been a part of the contract of sale, that the delivery should be at Exeter, in this State, and the goods to be at the risk of and to remain the property of the plaintiffs until they should reach that place. The letter of January, 1849, speaks of the goods as the defendant's.

We regard the sale and delivery as complete in Massa-

chusetts, and they were legal there, unless by reason of the other facts in this case, relied upon by the defendant, the transaction was rendered otherwise.

The ground of defence alleged and relied upon at the trial, as we have seen, was that the sale in this State by the defendant, of the liquors purchased of the plaintiffs, was in violation of the laws of this State, and that the plaintiffs knew that they were bought for the purpose of such illegal sale. But if it be assumed, for the purpose of this opinion, that such knowledge on the part of the plaintiffs would be a sufficient ground of defence, in relation to which we give no opinion, the question arises whether there appears in the case competent evidence from which the jury might have found that such knowledge existed on the part of the plaintiffs. It was admitted by the plaintiffs, as the case finds, that the defendant was a trader in Epping, and that they knew he intended to sell the liquors at that place. The admission went thus far and no farther. But there was no evidence that the plaintiffs knew that the defendant intended to sell the liquors without a license, or that in fact he did so intend at the time of the purchase, or that he ever did so sell them, except what is involved in the admission as stated.

The counsel for the defendant contended at the trial, that in the absence of any evidence that the defendant was licensed to sell, it was to be presumed that he was not. But it is to be recollected that this is a case in which the defendant is to answer the claim of the plaintiff, shown to have arisen upon a lawful contract, so far as the express evidence goes. Moreover, the fact relied on, and which he asks should be presumed, is one peculiarly within the knowledge of the defendant, and with regard to which the plaintiffs have no such means of knowledge. He knows whether he was licensed or not, and whether or not he intended, when he bought the goods, to procure a license before proceeding to sell them.

It cannot be presumed, therefore, against the plaintiffs that the defendants intended a violation of the laws of this State in the sale of the liquors. It is generally to be presumed that a party intends a lawful course of conduct, until facts are shown from which a contrary intention may be fairly inferred. It is not to be presumed in his favor that he purposed a violation of law. Such a presumption can rest on no sound principle.

It has been holden, to be sure, in this State, that where a party sold liquor, and was indicted for having sold it without a license, as against the defendant it was to be presumed he had no license, since the contrary, if true, was a fact peculiarly within his own knowledge and of which he could easily make proof; and the omission to offer such proof, which was in his own possession, if it existed at all, and would constitute a perfect defence, afforded a fair ground of inference that the fact did not exist. Even this has been regarded as an exception to the general rule, and as resting on grounds peculiar to such cases. *Sheldon* v. *Clarke*, 1 Johns. 513; 1 Cow. & Hill's Phil. on Ev. 490, note 383.

But if the fact of the want of a license to sell, and of the unlawful intention on the part of the defendant to sell without a license existed, which he now charges, and which he would have presumed to have existed, were to be presumed in reference to the defendant, that would afford no sufficient answer to the action, since the existence of those facts would be immaterial unless they were known also to the plaintiffs. And it is not shown to have been known to them, nor is it claimed that any evidence was offered from which a jury could properly presume it to have been known to them.

The ruling of the court below, that there was no such presumption in this action as was claimed, and the direction of a verdict for the plaintiff, upon all the facts reported in the case, were entirely correct and fully justified by them,

Gassett *v.* Godfrey.

and the motion of the defendant for a new trial, upon the ground of error therein, cannot prevail. There must, therefore, be

*Judgment on the verdict.*